UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ZENITH QUEST INTERNATIONAL, LLC, a Virginia limited liability company, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. |
| TOPALI SHIP MANAGEMENT, INC., a Florida corporation, and MARINO KULAS, individually, | ) ) ) ) | |
| Defendant | ) | |

## COMPLAINT FOR DAMAGES

1.  **Statement of Jurisdiction.**  The plaintiff is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. The defendant, TOPALI SHIP MANAGEMENT, INC., ("TOPALI") is a corporation incorporated under the laws of the State of Florida with its principal place of business in Florida. The defendant, MARINO KULAS ("KULAS") is an individual, over the age of 18 years, a resident of Broward County, Florida and otherwise *sui juris*. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

### GENERAL ALLEGATIONS OF FACT

2.  On October 8, 2011, the Defendant, TOPALI, executed and delivered a Product Supply Agreement (hereinafter the "Agreement") promising to pay the Plaintiff for purchases of food product in accordance with the said Defendant's product requirements and corresponding purchase orders. A copy of the Agreement is attached hereto as Exhibit "A".

3.  Pursuant to paragraph 6, of the Agreement, the Defendant, TOPALI, was required to submit purchase orders whenever it required Plaintiff to supply the food product.

4.  Pursuant to paragraph 10 of the Agreement,

   The Supplier [Plaintiff] shall send invoices to the Buyer upon receiving purchase order from the Buyer [Defendant], and the Buyer shall remit payments to the Supplier, at the addresses listed in Section 23 hereto. The Buyer shall remit such payments within 45 days of its receipt of the Supplier's invoice.

5.  On January 23, 2012, Defendant, TOPALI, submitted a Purchase Order, numbered T-0751, to Plaintiff for the purchase of pasta in the sum of $71,191.64. On the same day, Defendant, TOPALI, submitted a second Purchase Order to Plaintiff, numbered T-0752, for the purchase of pasta in the sum of $71,191.64. A copy of said Purchase Orders are attached as composite Exhibit "B".

6.  Also on January 23, 2012, and pursuant to paragraph 10 of the Agreement, Plaintiff sent to Defendant, TOPALI, invoice numbered T-0751 for $71,191.64, for payment on the Defendant's Purchase Order numbered T-0751. On March 19, 2012, Plaintiff sent to Defendant, TOPALI, invoice numbered T-0752 for $71,191.64, for payment on the Defendant's Purchase Order numbered T-0752. A copy of said Invoices are attached as composite Exhibit "C".

7.  Per the terms of the Product Supply Agreement, payment on the Invoices was due within 45 days from the date thereof, or March 8, 2012, for Invoice T-0751 and May 3, 2012 for Invoice T-0752. The Defendant, TOPALI, failed to pay the monies owed on said dates.

8.  Prior to the January 23, 2012, Purchase Order Numbered T-0751, Defendant TOPALI had placed three prior orders. Defendant KULAS, on behalf of TOPALI, paid all three orders in full. At no time during the dealings between the parties, was Defendant KULAS a party to the Agreement, but instead was the third party financier for Defendant TOPALI.

9.  Sometime between the January 23, 2012 Purchase Order and April 11, 2012, Defendant TOPALI informed Plaintiff that it could not pay the Invoice on the said Purchase Order and suggested that Plaintiff could sell it instead to a third party distributor.

10. Following Defendant TOPALI's suggestion, Plaintiff contacted the said distributor, but before any transaction could be consummated with same, Defendant KULAS contacted Plaintiff to attempt to resolve the outstanding invoices.

11. Defendant KULAS advised Plaintiff, that, as he had done with prior purchase orders made by Defendant TOPALI, he would pay the three outstanding invoices at that time, including, without limitation, Invoices T-0751 and T-0752. Defendant KULAS requested in return from Plaintiff that Plaintiff release the products sold under Invoice T-0751 to Defendant TOPALI, to deliver the products under Invoice T-0752 upon arrival of the shipment, and to permit payment of Invoices T-0751 and T-0752 within thirty-five (35) days of Defendant TOPALI's receipt of the goods.

12. In agreeing to the extensions for payment and delivering the goods sold under these invoices prior to payment, Plaintiff relied on the representations of the Defendant, KULAS and their prior dealings.

13. In reliance on Defendant, KULAS's representations and the fact that Defendant KULAS had already financed the payment of three prior invoices to Defendant TOPALI, Plaintiff delivered the product sold under Invoices T-0751 and T-0752 and placed the goods in Defendant's control and possession on or before April 25, 2012.

14. Defendant, TOPALI, had a right under paragraph 4 of the Agreement to inspect the condition of the delivered products and notify Plaintiff of any defects, within ten (10) days

after delivery. Defendant, TOPALI, failed to notify Plaintiff of any defects in the delivered products within the ten (10) day period following delivery. Accordingly, under paragraph 4 of the Agreement, Defendant, TOPALI, has accepted the goods as delivered.

15. Under the extended payment terms as set forth in paragraph 8 above, payment was due from Defendant no later than May 30, 2012, assuming April 25, 2012 as the latest date on which delivery had occurred for both invoices.

16. To date, the Defendants have not paid the amount owed.

17. The Defendants owe the Plaintiff $142,383.28 for goods sold and delivered by the Plaintiff to the Defendant, TOPALI, from January 23, 2012 to April 25, 2012.

18. All conditions precedent to the bringing of this action have been met, waived, or have otherwise occurred.

19. Plaintiff has retained the undersigned counsel and incurred attorney fees as a result of having to bring this action to enforce the Product Supply Agreement (Exhibit "A") and Invoices (Exhibit "C") against the Defendant. Plaintiff is entitled to an award of attorney fees and costs pursuant to paragraph 18 of the Product Supply Agreement.

<u>COUNT I</u>
**DAMAGES FOR GOODS SOLD AND DELIVERED**
**VS. DEFENDANT TOPALI**

Plaintiff realleges the allegations in the above paragraphs 1 through 19, inclusive, and further alleges:

20. According to the terms of the Agreement (Exhibit "A"), Defendant TOPALI, was under a duty to make payment for goods ordered.

21. Defendant, TOPALI placed two purchase orders, Nos. T-0751 and T-0752,

(composite Exhibit "B") for pasta, which Plaintiff delivered as ordered and Defendant, TOPALI accepted.

22. Defendant TOPALI, breached its duty under the Agreement by failing to pay for the delivered pasta.

23. As a direct and proximate result of the said breach, Plaintiff has suffered damages. The total due under the two invoices (composite Exhibit "C") for the pasta delivered is $142,383.28.

WHEREFORE, Plaintiff demands judgment against the Defendant for $142,383.28, plus interest, attorney fees and costs.

## COUNT II
## BREACH OF CONTRACT
## VS. DEFENDANT TOPALI

Plaintiff realleges the allegations in the above paragraphs 1 through 19, inclusive, and further alleges:

24. Plaintiff and Defendant TOPALI entered into the Agreement on October 8, 2011, in which Plaintiff was to supply Defendant TOPALI a fixed amount of various forms of pasta during the course of one (1) year, with an option to automatically renew the Agreement for an additional term of one (1) year. *See* Exhibit "A".

25. Defendant TOPALI had the contractual right to determine when to receive delivery of the pasta, whether in one shipment or several, and whether all of the pasta under the Agreement or in partial shipments.

26. Defendant TOPALI exercised said right by ordering five separate shipments during the term of the Agreement.

27. However, TOPALI breached the Agreement by failing to pay the invoices for shipments four and five, under Invoices T-0751 and T-0752, respectively. *See* composite Exhibit "C"

28. TOPALI received the final deliveries no later than April 25, 2012, and under the terms of the Agreement, has accepted the condition in which the deliveries arrived.

29. Payment on Invoices T-0751 and T-0752 were due no later than May 30, 2012, following negotiations between the parties to extend the payment terms. However, no payment has ever been made, in part or in whole, against Invoices T-0751 and T-0752.

30. By letter dated June 1, 2012, Plaintiff sent a demand notice to Defendant TOPALI to make payment on the invoice by June 4, 2012. This letter coupled with Defendant TOPALI's failure to respond to same, in effect terminated the Agreement.

31. As a direct and proximate result of the Defendant, TOPALI's breach of the Agreement, Plaintiff has incurred damages.

32. Upon Plaintiff's completion of the most recent delivery of pasta under Invoice T-0752 in April, 2012, Defendant TOPALI was still obligated under the Agreement to purchase 387,175 pounds of pasta which TOPALI had not yet ordered.[1] Said pasta represents damages of $201,330.74[2] in addition to damages for goods sold and delivered under the two aforesaid invoices, of $142,383.28, for a total loss to Plaintiff of $343,714.02, exclusive of interest, attorney fees and costs.

WHEREFORE, Plaintiff, ZENITH QUEST respectfully requests this honorable Court to

---

[1] Total Under Contract: 1,161,305 lbs. x 90% of total guaranteed by Defendant = 1,045,175;
[2] I.e., 387,785 lbs. x contractual price of $0.52/lb.

enter judgment against the Defendant, TOPALI, for damages, interest, attorney fees, costs and all other and further relief as the Court deems just and proper.

## COUNT III
## FRAUDULENT MISREPRESENTATION
## VS. MARINO KULAS

Plaintiff realleges the allegations in the above paragraphs 1 through 19 above, and further alleges:

33. Defendant, KULAS, willfully and intentionally represented to Plaintiff that he would pay the two invoices, T-0751 and T-0752, (composite Exhibit "C") on behalf of TOPALI, within 35 days of the receipt of the goods.

34. Defendant, KULAS, knew that based on prior dealings between Plaintiff and Defendant TOPALI, Defendant KULAS had financed Defendant, TOPALI's purchases from Plaintiff, and that Plaintiff would rely on their past dealings and on his representations as to payment on the two subject invoices, to deliver the goods to Defendant TOPALI prior to payment.

35. Defendant KULAS, failed, refused or neglected to make payment on the two subject invoices, despite his representations to the contrary made in April, 2012, to Plaintiff.

36. In detrimental reliance on Defendant KULAS's false representations, Plaintiff incurred damages by delivering the goods ordered by Defendant TOPALI. The sum of said damages is $142,383.28.

37. Plaintiff seeks and is entitled under Virginia law, which governs this transaction, to an award of punitive damages against the Defendant, MARINO KULAS.

WHEREFORE, Plaintiff, ZENITH QUEST, respectfully requests this honorable Court to

enter judgment against Defendant, MARINO KULAS, for damages, including, without limitation, punitive damages, interest, costs and all other and further relief as the Court deems just and proper.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
## VS. MARINO KULAS

Plaintiff realleges the allegations in the above paragraphs 1 through 19, inclusive, and further alleges:

38. Defendant, KULAS, represented to Plaintiff that he would pay the two invoices, T-0751 and T-0752, (composite Exhibit "C") on behalf of TOPALI, within 35 days of the receipt of the goods.

39. Defendant, KULAS, knew that based on prior dealings between Plaintiff and Defendant TOPALI, Defendant KULAS had financed Defendant, TOPALI's purchases from Plaintiff, and that Plaintiff would rely on their past dealings and on his representations as to payment on the two subject invoices, to deliver the goods to Defendant TOPALI prior to payment.

40. Defendant KULAS willfully and wantonly failed, refused or neglected to make payment on the two subject invoices, despite his representations to the contrary made in April, 2012, to Plaintiff.

41. In detrimental reliance on Defendant KULAS's false representations, Plaintiff incurred damages by delivering the goods ordered by Defendant TOPALI. The sum of said damages is $142,383.28.

42. Plaintiff seeks and is entitled under Virginia law, which governs this transaction,

to an award of punitive damages against the Defendant, MARINO KULAS.

WHEREFORE, Plaintiff, ZENITH QUEST, respectfully requests this honorable Court to enter judgment against Defendant, MARINO KULAS, for damages, including, without limitation, punitive damages, interest, costs and all other and further relief as the Court deems just and proper.

## JURY DEMAND

43.     Plaintiff demands a trial by jury of all issues triable of right by a jury.

Date:  September 5, 2012                    Respectfully submitted by,

**THE CAMPBELL LAW GROUP, P.A.**
Attys. for Plaintiff
2000 Ponce De Leon Blvd., Sixth Floor
Coral Gables, FL 33134
Tel. (305) 328-9506
Fax (305) 675-3973

By:   s/Regina Campbell-Tamburello
        Regina Campbell-Tamburello
        Florida Bar No. 74842
        r.campbell@thecampbelllawgroup.com