UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-23233-CIV-KING

ZENITH QUEST INTERNATIONAL, LLC,
a Virginia limited liability company,

    Plaintiff,

v.

TOPALI SHIP MANAGEMENT, INC.,
a Florida corporation, and
MARINO KULAS, individually,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Reconsideration (DE #11), filed November 19, 2012. Therein, Plaintiff argues that the Court lacked personal jurisdiction over Defendant Marino Kulas on November 6, 2012 when the Court entered its Order Granting Motion to Compel Arbitration and Staying Counts III and IV (DE #10). Plaintiff now urges the Court to vacate the portion of its ruling related to that defendant.[1] Upon careful consideration, the motion is denied.

Plaintiff's Complaint (DE #1) seeks $343,714.02 in damages arising from the alleged breach of a goods contract between Plaintiff and Defendant Topali Ship Management ("Topali") and misrepresentation by Defendant Marino Kulas ("Kulas").

---

[1] The Motion was filed pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).

1

Specifically, the four-count Complaint alleges that Defendant Topali breached its contract by failing to pay for pasta sold and delivered by Plaintiff (Counts I and II) and that Defendant Kulas, a third-party financier acting on behalf of Defendant Topali, negligently and fraudulently misrepresented that he would pay two invoices totaling $142,383.28 (Counts III and IV). On November 6, 2012, pursuant to a valid arbitration agreement between Plaintiff and Defendant Topali, the Court granted Defendant Topali's motion to compel Counts I and II. Defendant Kulas was not a party to the agreement; accordingly, the Court stayed Counts III and IV. *See* (DE #10).

Plaintiff, however, argues that the Court lacks personal jurisdiction over Defendant Kulas, who is believed to be a Canadian citizen with a primary home in Canada and a winter apartment in Florida and who has not made an appearance in the case. Despite sending the Complaint and other communications to Defendant Kulas' homes and office addresses and his email, Plaintiff has been unable to perfect service or to communicate with Defendant Kulas.[2] Plaintiff intends to move to serve by publication.

Plaintiff further argues that it will be prejudiced if its misrepresentations actions against Defendant Kulas are stayed pending outcome of the arbitrable claims against Defendant Topali. Plaintiff alleges that, to date, Defendant Topali has not paid for a single pound of pasta and that most of the pasta delivered to Defendant Topali has been sold to pay for related and unrelated business expenses. Plaintiff further alleges that

---

[2] The CM/ECF database listed Defendant Topali's counsel as Defendant Kulas' counsel in October 2012. However, upon Plaintiff's inquiry, Defendant Topali's counsel indicated that they were not representing Defendant Kulas. *See* (DE #11-1).

because Defendant Kulas, despite agreeing to finance Defendant Topali's purchase of pasta from Plaintiff, has refused to pay, Plaintiff is now in breach with its own suppliers.

The Court disagrees with Plaintiff. The Court need not await service of process before *staying* the litigation as to Defendant Kulas. Such an action is not adverse to Defendant Kulas' interests, and therefore does not implicate his rights to procedural due process.[3] The Court further notes that Plaintiff's claims against Defendant Topali are central to Plaintiff's claims against Defendant Kulas, and thus awaiting the outcome of arbitration is proper.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion for Reconsideration (**DE #11**) be, and is hereby, **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 26th day of November, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

---

[3] As such, the authority Plaintiff cites for support are inapplicable to the instant motion. *See* (DE #11, p.3).

**Cc:**

***Counsel for Plaintiff***
**Regina Marie Tamburello**
The Campbell Law Group PA
2000 Ponce De Leon Drive
6th floor
Coral gables, FL 33134
305-328-9506
Fax: 305-675-3973
Email: service@thecampbelllawgroup.com

***Counsel for Defendant***
**Joseph Marc Goldstein**
Shutts & Bowen
200 E Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
954-524-5505
Fax: 524-5506
Email: jgoldstein@shutts-law.com